UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD G. JACKMAN, JR. | ) | CASE NO. 4:09CV2300 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER (Nunc Pro Tunc) |
| JOHN SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is *pro se* petitioner Donald C. Jackman's petition filed pursuant to 28 U.S.C. § 2241. Petitioner, who is confined in the Federal Correctional Institute at Elkton in Lisbon, Ohio ("F.C.I. Elkton"), names F.C.I. Elkton Warden John Shartle as respondent. He claims he is entitled to set aside his conviction through the safety valve provision of 28 U.S.C. § 2255.

BACKGROUND

Mr. Jackman was indicted in 2000 in the United States District Court for the Western District Court of Pennsylvania. *United States v. Jackman*, No. 2:00-cr-0072 (W.D. Pa. Apr. 12, 2000). He was charged with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and for possessing an unregistered destructive device, in

violation of 26 U.S.C. § 5681(d). A jury found him guilty on February 14, 2002 of possessing an unregistered destructive device. The next day, petitioner pleaded guilty to the remaining charge. Seven months later, U.S. District Judge Maurice B. Cohill, Jr. sentenced Mr. Jackman to 120 months of imprisonment for violating 26 U.S.C. § 5681(d), and 262 months of imprisonment for violating 18 U.S.C. §§ 922(g)(1) and 924(e)(1),to be served concurrently. The Third Circuit affirmed Mr. Jackman's conviction on July 30, 2003, and the U.S. Supreme Court declined to issue a writ of certiorari.

Petitioner now argues he is being held illegally. He raises three grounds for relief, but only two grounds assert a legal basis for redress.[1] Although convicted of being a felon in possession of a firearm, Mr. Jackman asserts he was neither a felon nor illegally in his possession of a firearm. He believes the Supreme Court's recent *District of Columbia v. Heller*,__ U.S. ____, 128 S. Ct. 2783 (2008) decision justifies his right to possess a firearm under the Second Amendment. *Heller* affirmed a District of Columbia Court of Appeals determination that a D.C. firearms statute was unconstitutional. *See Parker v. District of Columbia*, 478 F.3d 370, 371 (D.C.C. 2007).[2] Mr. Jackman claims *Heller*, and a 2009 Supreme Court of North Carolina decision that "struck down" North Carolina Code 14-415.1("which was a limitation on a prior conviction (felony) which imposed a disability on the right to bear arms"(Pet. at 6)) support his right to possess a firearm. These facts, combined with the argument he was "past the 5 year

---

[1]In his second ground for relief, petitioner claims he is at a significant disadvantage because the legal information to which he has access in prison is limited.

[2]*Parker* held that the District of Columbia's statutory prohibition of the registration of a pistol not registered in the District by the applicant prior to 1976 was unconstitutional under the Second Amendment.

limitation imposed by 14-415.1" at the time of his federal conviction,[3] form the foundation upon which petitioner believes he is entitled to immediate release.

Petitioner adds that his unsuccessful attempts to file a motion to vacate and appeal his sentence entitle him to habeas relief. Because he can no longer pursue his claim through these forms of relief, he asserts *Heller* renders him innocent of the crime for which he was convicted. As such, Mr. Jackman claims he has met the criteria to attack his underlying sentence through the safety valve provision in 28 U.S.C. § 2255.

### SAFETY VALVE PROVISION
### 28 U.S.C. § 2241

Claims asserted by federal prisoners who seek to challenge their convictions or the imposition of their sentences must be filed in the sentencing court under 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"). It is through this form of relief that petitioner maintains he is entitled to pursue his claims.

Based on the facts set forth in the petition, Mr. Jackman has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because he is time-barred or otherwise procedurally barred from seeking relief

---

[3]The court presumes this might be Mr. Jackman's attempt to argue his status as a felon was no longer relevant at the time he claims he was convicted of violating a N.C. firearms statute.

under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997), because the prisoner has already filed one motion to vacate, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), or because the prisoner has been denied permission to file a second or successive motion to vacate. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

In the Sixth Circuit, the only exception recognized must be based on actual innocence. *See Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir.1999). A prisoner may attempt to show an intervening change in the law establishes his actual innocence in order to invoke the savings clause of § 2255 and proceed under § 2241. *Lott v. Davis*, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)(unpublished)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); *see Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence"). "'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."' *Martin*, 319 F.3d at 804 (quoting in *Bousley v. United States*, 523 U.S. 614, 623 (1998)), "Actual innocence" in this regard means factual innocence, rather than mere legal insufficiency. *Id.*

Mr. Jackman contends the Supreme Court's decision in *Heller* created a defense that was unavailable at the time of his conviction. This argument is unavailing. *Heller* focused on the constitutionality of two District of Columbia statutes involving a total ban on handguns and requirements that firearms be kept nonfunctional. None of these statutes involve a restriction on a convicted felon possessing firearms. *See United States v. Hamer*, No. 07-6056,319 Fed.Appx. 366

(Mar. 31, 2009). Thus, *Heller* did not set aside petitioner's status as a convicted felon when he was indicted and convicted of the crime for which he is now serving his sentence.

## CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.[4]

The court certifies that an appeal from this decision could not be taken in good faith.[5]

**IT IS SO ORDERED**.

Dated: May 3, 2010

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[4] The statute provides, in relevant part:

* * *

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ [. . .] , *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

[5] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."